UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARCUS PETERS, by and through his Mother and Next Friend, GWEN PETERS,<br><br>    Plaintiffs,<br><br>Vs.<br><br>DEPARTMENT OF THE ARMY,<br>Serve at:   U.S. Attorney Tammy Dickinson<br>             Western District of Missouri<br>             Room 5510, 400 East 9th St.<br>             Kansas City, MO 64106<br><br>    Defendant. | Cause No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**
**PERSONAL INJURY**

**COUNT I – NEGLIGENCE**

COMES NOW Plaintiff, MARCUS PETERS, by and through his Mother and Next Friend, GWEN PETERS, by and through their attorneys, Alvin Wolff Jr. & Associates, and for his Complaint against Defendant, DEPARTMENT OF THE ARMY, states as follows:

**PARTIES AND JURISDICTION**

1. PLAINTIFF MARCUS PETERS is a minor child represented by his mother and Next Friend GWEN PETERS. Currently, Plaintiffs reside in Georgia.

2. The Defendant, DEPARTMENT OF THE ARMY, at all times performed all actions relative to this complaint at General Leonard Wood Community Hospital at Ft. Leonard Wood, Missouri, so that venue is proper in this Court and jurisdiction is proper under 28 USC 1346.

3. On July 26, 2010, Gwen Peters was in labor in General Leonard Wood Community Hospital when Marcus Peters was born. At all times Plaintiffs were under the care of Dr. Christopher Murphy and various other health care providers who were, agents, servants and employees of Defendant. All of Defendant's employees had a duty to exercise that degree of skill care and learning ordinarily exercised by members of defendants' employees' respective professions.

4. At the time of labor and delivery, Marcus Peters was permanently injured due to the following acts of carelessness and negligence by Defendant's employee to wit:

    (a) Misuse of Pitocin causing hyper stimulation of Gwen Peters uterus;

    (b) Failure to get adequate informed consent of Gwen Peters for the use of a vacuum extractor on Marcus Peters;

    (c) Failure to turn down or off the Pitocin administered to Gwen Peters to allow her contractions to return to normal and permit Marcus Peters' baseline heart rate to return to normal;

    (d) excessive use and misuse of the vacuum extraction on Marcus Peters;

    (e) Failure to get adequate informed consent in Gwen Peters' refusal of a caesarian section; and

    (f) Intervening with a vacuum extractor when other less harmful means of delivery were available.

5. As a direct result of Defendant's employee's negligence, Marcus Peters was born with a brain hemorrhage. At the time of delivery, Defendant's employees told Gwen Peters that brain hemorrhages were normal at the time of birth. On December 11, 2010, Marcus was diagnosed with hydrocephalis which was the first indication to Gwen Peters that Marcus had an injury

connected with his delivery.  Since December 2010, Marcus has further been diagnosed and treated for a chiari malformation that has resulted in multiple surgical procedures.  Marcus suffers from a brain injury that has led to developmental delay.   Marcus' injuries are permanent, progressive, and severe.  Marcus' ability to work in the labor force has been diminished.  Marcus will need extraordinary training and supervision and will suffer from a decreased ability to work and support himself.

      6. On November 6, 2012, a Form 95 was filed with the Department of the Army.  On January 18, 2013 an amended Form 95 was filed to demonstrate that the discovery of Marcus' injuries was not until December 11, 2010 so that the statute of limitations was properly tolled at the time of the November 6, 2012, initial filing.  To date, Defendant has taken no discernable action on the Form 95 claim filing.

      WHEREFORE, Plaintiff prays for a judgment against Defendant in the requested amount as listed on Form 95 and the costs and interest of this proceeding.

      WHEREFORE, Plaintiff MARCUS PETERS, by and through his Mother and Next Friend, GWEN PETERS, prays for judgment against Defendant DEPARTMENT OF THE ARMY for an amount that exceeds Seventy Five Thousand Dollars ($75,000), together with their costs herein expended and prejudgment and post-judgment interest as provided by law.

      ALVIN WOLFF, JR. & ASSOCIATES


BY:   */s/Alvin A. Wolff, Jr.*
      Alvin A. Wolff, Jr.   #27800
      1034 S. Brentwood Blvd, Suite 1900
      Saint Louis, MO 63117
      (314)241-2500 / (314)241-2215 Facsimile
      alvinwolff@gmail.com
      ***ATTORNEYS FOR PLAINTIFF***