IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCUS PETERS, by and through his mother and next friend, GWEN PETERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-CV-3017-S-DGK |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## ORDER DENYING MOTION TO DISMISS

Plaintiff Marcus Peters ("Peters") is a child that was delivered with serious brain injuries. Defendant ("the Government") runs the hospital where he was born. His mother sued the Government for negligence on his behalf.

Now before the Court is the Government's Motion to Dismiss (Doc. 38), which argues that Peters missed the limitations period to file this lawsuit. Because that defense is not established on the face of the Complaint, the motion is DENIED.

### Background

The Complaint alleges as follows. When she was pregnant with him, Peters's mother fell ill and sought admission to one of the Government's hospitals. The staff induced labor and delivered Peters on July 26, 2010. He was immediately transferred to another hospital's neonatal intensive care unit, where he was assessed with serious injuries. However, the Government told his mother that those injuries were normal. He alleges that he and his mother were not aware that he "had an injury connected with his delivery" until December 11, 2010, when he was diagnosed with hydrocephalus (Doc. 1 at ¶ 5).

His mother filed an administrative claim with the Government for his injuries on November 6, 2012. She then sued the Government on her son's behalf for one count of negligence.

## Discussion

Because Peters is suing the United States for negligence, his claim is governed by the Federal Tort Claims Act, 28 U.S.C. §§ 2401–2416. Under that act, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." *Id.* § 2401(b). A medical malpractice claim accrues when the plaintiff becomes aware of his injury and its probable cause. *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

The Government alleges that by filing his claim more than two years after his birth, Peters has missed the limitations period and so is "forever barred" from pursuing this tort claim. Peters responds that he was not aware that Government personnel were the cause of his injuries until December 2010, thus making this claim timely.

Each party supports its claim by attaching exhibits to its briefs. Peters accuses the Government of "cherry-pick[ing] its facts." The Government enumerates "instance after instance" when Peters should have been aware who caused his injuries, and argues about how much weight the Court should give particular pieces of evidence, such as a letter Peters's mother wrote on U.S. Army letterhead. This raises the question: which of these materials may the Court view to decide this fact-bound motion, and how should it resolve disputes among those materials?

The Government predicates its motion on two alternate grounds. First, it argues that the Complaint is subject to dismissal for lack of subject-matter jurisdiction under Federal Rule of

Civil Procedure 12(b)(1). Under that Rule, a court may in certain circumstances consider matters outside the pleadings, such as testimony and affidavits. *The Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914–15 (8th Cir. 2015). Second, the Government urges dismissal under Rule 12(b)(6) because even if it committed negligence, Peters's claim is barred as untimely, so the Complaint does not state a claim upon which relief can be granted. Unlike with Rule 12(b)(1), a Rule 12(b)(6) court generally restricts its inquiry to the complaint and takes as true all of its factual allegations. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc). Determining the governing Rule will thus inform the Court how to view the parties' new exhibits.

The key to picking a Rule lies in whether the § 2401(b) deadline buttresses federal jurisdiction or composes an element of a party's case. *See T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 960 (8th Cir. 2006) (using this binary), *abrogated in other part by United States v. Wong*, 135 S. Ct. 1625 (2015). Because "§ 2401(b)'s test speaks only to a claim's timeliness, not to a court's power[,] . . . Section 2401(b) is not a jurisdictional requirement." *Wong*, 135 S. Ct. at 1632, 1633. Thus, it functions more as an affirmative defense, which the Government must plead and prove. *Schmidt v. United States*, 933 F.2d 639, 640 (8th Cir. 1991).

"Although affirmative defenses may be raised on a motion to dismiss, the proper method for raising a defense of limitation is a motion under Rule 12(b)(6), not a motion under Rule 12(b)(1)." *Gordon v. Nat'l Youth Work Alliance*, 675 F.2d 356, 360 (D.C. Cir. 1982). Therefore, the Government's motion is appropriate under only Rule 12(b)(6). *See id.*; *Wong*, 135 S. Ct. at 1633.

With this guidance, the Court can now properly view the facts. On a Rule 12(b)(6) motion, the court takes all facts in the complaint as true and draws all reasonable inferences in

favor of the non-moving party. *Zink*, 783 F.3d at 1098. "[T]he court generally must ignore materials outside the pleadings." *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014).

The court first assesses whether the complaint pleads sufficient facts to state a claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions in the complaint merit no deference. *Id.* The court then determines whether the complaint states a claim for relief that is plausible. *Id.* A claim is plausible when "the court may draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008).

Under this light, the motion is easily denied. The Court ignores the exhibits attached to the parties' briefs, and looks only at the Complaint. *See Smithrud*, 746 F.3d at 395. The Complaint specifically alleges, "On December 11, 2010, Marcus was diagnosed with hydrocephal[u]s which was the first indication to Gwen Peters that Marcus had an injury connected with his delivery." (Doc. 1 at ¶ 5). Until that day, Peters's mother believed that her son's injuries had occurred naturally because the Government had so insisted. The Complaint contains no facts that suggest Peters should have known about the extent of the Government's alleged fault before the hydrocephalus diagnosis. On this basis, Peters's claim accrued in December 2010, not in July 2010 when he was born. *See Kubrick*, 444 U.S. at 122. Peters having filed an administrative claim in November 2012, his negligence lawsuit is not barred by the two-year time limitation in the Federal Tort Claims Act. *See* 28 U.S.C. § 2401(b).

Because the Complaint itself does not show that Peters's claim is untimely, the Government is not entitled to dismissal on the basis of that affirmative defense. *See Jessie*, 516 F.3d at 713 n.2. The Court must therefore deny its motion to dismiss.

The Court realizes that instead of ignoring the parties' exhibits, it could instead consider them and thereby convert the Government's motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). Because discovery is open for several more months, the Court sees no rush to adjudicate this important and fact-sensitive issue. Therefore, the Court confines its inquiry to the Complaint and decides this motion on that document alone.

## Conclusion

For the foregoing reasons, the Government's Motion to Dismiss (Doc. 39) is DENIED.

**IT IS SO ORDERED.**

Date:  January 26, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT