IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS PETERS, by and through his Mother and Next Friend, GWEN PETERS, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 15-3017-CV-S-DGK |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) | |

**ORDER APPROVING MINOR SETTLEMENT**

Plaintiff Marcus Peters is a child who was delivered in Defendant's hospital with serious brain injuries. Alleging Defendant caused Plaintiff's injuries, his mother sued Defendant for negligence on his behalf, invoking federal jurisdiction through the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2681.

Now before the Court is Plaintiff's unopposed motion to approve his minor settlement (Doc. 63). Because the settlement (Doc. 63-1) is in Plaintiff's best interest and the settlement amount is fair, the motion is GRANTED.

**Standard**

Where state law provides the law of decision, state law also governs the approval of a minor settlement. *Elmore v. Mansfield*, No. 3:11-CV-5088-DGK, 2013 WL 2666167, at *1 (W.D. Mo. June 12, 2013). There is no dispute here that Missouri law provides the applicable standard. Under Missouri law, the court must approve any proposed settlement of a minor's claims, including the amount of attorney's fees. Mo. Rev. Stat. § 507.184.2, .3.

**Discussion**

Defendant has agreed to pay Plaintiff $300,000.00 in exchange for the release of all claims against it, including dismissing this action with prejudice. Plaintiff's attorney advises that his fees and expenses are $60,455.84 and $48,744.16, respectively. Once those fees and expenses are deducted, Gwen Peters, Plaintiff's mother and next friend, will receive $190,800.00 on his behalf.[1] Gwen Peters will place that money into a secondary-market, AAA-rated, structured-settlement annuity to be invested for Plaintiff's sole benefit until he turns eighteen.

The Court finds that the settlement amount is fair. Gwen Peters says that Defendant caused Plaintiff "permanent, progressive and disabling injuries." (Docs. 4, 38-10). At one point, she valued her son's claim at $10 million. The parties now believe that $300,000 adequately compensates Plaintiff for these injuries for four reasons.

First, the main issues for trial are breach and causation, not damages. Since filing his lawsuit, Plaintiff has received his full medical records which undercut his claims to some degree. Plaintiff advises that genetics or the natural risk of childbirth, not Defendant, may have caused his injuries. Second, Defendant has a colorable statute of limitations defense. Third, the U.S. Army pays Plaintiff's insurance, thereby drastically reducing his exposure to out-of-pocket health care costs. Gwen Peters testified in her deposition that she has no out-of-pocket expenses for Plaintiff's health care as long as she has this insurance. Fourth, Plaintiff has shown some physical improvement since filing suit. For example, some of his illnesses have not recurred for a few years, and he attends non-special-education classes at public school.

---

[1] In his motion, Plaintiff also refers to his father, Martin Peters, as a next friend. That is incorrect; the Court appointed only Gwen Peters to be his next friend (Doc. 5).

Based on this information, the finder of fact at trial could conclude that Defendant is not liable for Plaintiff's injuries and award him nothing. Given this real possibility, the Court finds that the $300,000 settlement is in Plaintiff's best interest. *See* Mo. Rev. Stat. § 507.184.

The Court approves as reasonable the requested attorney's fees and expenses as agreed to by Gwen Peters on Plaintiff's behalf. *See id.*

## Conclusion

The Court GRANTS the parties' motion (Doc. 63) and APPROVES the settlement (Doc. 63-1). After Gwen Peters signs the settlement agreements and Plaintiff's attorney deducts his fees and expenses, Gwen Peters must immediately transfer Plaintiff's net settlement proceeds into a secondary-market, AAA-rated, structured-settlement annuity to be invested for Plaintiff's sole use and benefit until he turns eighteen years old. If such an annuity is not available, Gwen Peters must open a minor conservatorship estate for the benefit of Plaintiff in accordance with the state of law of his domicile. *See* Mo. Rev. Stat. § 507.188.2. Gwen Peters must file proof of compliance with either of these alternatives once the net settlement proceeds have been distributed.

Once Gwen Peters has done so, Plaintiff must file a dismissal with prejudice of all claims in the case.

**IT IS SO ORDERED.**

Date:  July 18, 2016                                     /s/ Greg Kays
                                                        GREG KAYS, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT